## MACOVICH v. WEMPLE et al.

PLAINTIFF purchased certain property under a sale on a decree foreclosing a mortgage executed by one Pender, to which decree all persons in interest were parties, among them defendants here. The interest of defendants Wemple and Pender were foreclosed in the usual form. Plaintiff seeks to enjoin a sale of the premises under a decree in favor of Wemple against Pender, to enforce a mechanic's lien. Plaintiff was not a party to the suit of *Wemple* v. *Pender*, and has not yet got a Sheriff's deed: *Held*, that injunction does not lie; that plaintiff is but the purchaser of an equity, the decree of foreclosure not cutting off the rights of the mortgagor, Pender; that he, being entitled to possession until the Sheriff's deed, and also having the equity of redemption, could dispose of this right, and it might, under our statute, be sold for his debts; that if he chose to recognize the validity of Wemple's lien, or its enforcement, or sale under judgment, plaintiff cannot complain—his rights not being affected by the proceedings, as he was not a party.

Plaintiff, on obtaining his Sheriff's deed, can then institute the necessary proceedings to enforce his rights, and the purchaser at the Sheriff's sale under Wemple's decree will occupy no better position than Wemple himself. But so long as Pender has any interest in the property, plaintiff cannot, in advance of his own title, or of the extinction of Pender's, come into equity to enjoin the sale.

APPEAL from the Tenth District.

Defendant Wemple filed a mechanic's lien on a portion of the property in dispute against defendant Pender, December 26th, 1856, and on the second day of November, 1857, began suit against Pender alone to enforce the lien. After due proceedings, Wemple's lien was established by the Court, and notice published under the statute for other lien

claimants to come in and prove their claims. No persons appeared, and on the third of February, 1858, a decree was rendered in favor of Wemple for his lien and ordering a sale of the premises, and of all the right, title and interest Pender had in the same, on the twenty-third of December, 1856, or at any time since, to pay the same.

August 11th, 1857, Pender executed a mortgage upon the premises to one Cummings, of which plaintiff became the assignee in September following. September 11th, 1857, Pender executed a mortgage on the premises to one Duplex, who began a foreclosure suit on the same, January 21st, 1858, making Pender, Wemple, Macovich, plaintiff, and one Jackson defendants. Neither Pender nor Wemple answered; and on the seventeenth of May, 1858, a decree was rendered in favor of Duplex ordering a sale of the premises and application of the proceeds—first, to Macovich; second, to Jackson, who had a lien; third, to Duplex, and foreclosing the rights of Pender and Wemple in the usual form. Under this sale plaintiff here bought as stated in the opinion.

Wemple now proceeds to have the premises sold to satisfy his decree against Pender. Plaintiff files his bill to enjoin the sale, making Wemple, Pender and the Sheriff defendants, relying upon the fact that the rights of Wemple and Pender were passed on and foreclosed in the suit of Duplex; and averring that Wemple never acquired any lien because of non-compliance with the law; and that he, in fact, did not furnish materials for the premises, etc. The case was heard on bill and answer.

On the trial, defendant Wemple, who alone answered, moved to dismiss the bill for want of equity. Overruled; judgment for plaintiff; Wemple appeals.

*Geo. Rowe,* for Appellant.

*R. S. Mesick,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This was a bill filed by the plaintiff—respondent here—to enjoin a sale under a decree obtained by one Wemple against one Pender to enforce a mechanic's lien upon certain premises in the city of Marysville. The plaintiff claims title to the premises by virtue of a purchase of the property under a decree for the foreclosure of a mortgage, to which decree all the persons in interest were parties, among them Wemple and Pender. The decree was rendered on the seventeenth of May,

8

Macovich *v.* Wemple.

1858; and by it the interest of Wemple and Pender was held foreclosed in the usual form of such decrees. The bill states that at the sale under this decree—thirtieth of June, 1858—the plaintiff became the purchaser, and will, if the premises be not redeemed, be entitled to the Sheriff's deed. The bill goes on to aver that on the fourth of November, 1857, Wemple sued Pender—plaintiff not being a party—to enforce a lien claimed by Wemple upon a part of the property above sold. This suit was brought under the Act of April 19th, 1856, for $1,794, and interest at the rate of three per cent. per month from twenty-third of May, 1857, for labor and material on two brick buildings. The bill proceeds to show various grounds of objection to this claim to enforce this decree or mechanic's lien as against the plaintiff below or the mortgages foreclosed. A decree was rendered by the Court below setting aside this decree so far as the plaintiff was concerned, and enjoining the sale under it.

The difficulty which we experience in this case is not upon the substantial merits of the claim, upon the facts as they appear; but as to the right of the plaintiff to intervene in this form. He is only the purchaser of an equity, or was only such at the time of the filing of the bill. The decree of foreclosure did not cut off the rights of the mortgagor. The mortgagor was entitled to the possession until the Sheriff's deed, and had also remaining the equity of redemption. He could dispose of this right whenever he chose, and it might, under our comprehensive statute, be disposed of for his debts. If the mortgagor chose to confess judgment, or recognized the validity of the claim of Wemple to this lien or to the enforcement of it, or to the sale under judgment, the plaintiff is in no condition to complain, for his rights are not at all affected by the proceedings, if he was not made a party. Upon obtaining his deed, he can institute the necessary proceeding to vindicate his right, and the purchaser at the Sheriff's sale under Wemple's decree would not occupy any better position than Wemple himself. But as long as Pender had any interest in the property, it might be sold for his debts, and we do not see how the plaintiff can, in advance of his own title or of the extinction of Pender's, come into a Court of Equity to enjoin the sale.

· The judgment must be reversed and the bill dismissed, without prejudice to any other action or proceeding the plaintiff may be advised to institute after obtaining his deed.

. Ordered accordingly.